UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

| | |
|---|---|
| CARRIE JAYCOX, *individually, and on behalf of others similarly situated*, | : <br> : <br> : |
| Plaintiff, | : <br> : Civil Action No.: 1:23-cv-1310 (FJS/DJS) |
| v. | : <br> : **JURY TRIAL DEMANDED** |
| NIRC, INC. | : <br> : |
| and, | : <br> : |
| RUSSELL FADEN, | : <br> : |
| Defendants. | : |

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Carrie Jaycox, individually and on behalf of all others similarly situated, by and through her attorneys, Brown, LLC, hereby brings this Collective Action Complaint against Defendant, NIRC, Inc. ("Defendant NIRC") and Defendant Russell Faden ("Defendant Faden") (collectively, the "Defendants"), and states and avers as follows:

### INTRODUCTION

1. Plaintiff Carrie Jaycox brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of herself and all other similarly situated hourly-paid, non-exempt workers to recover unpaid overtime wages for uncompensated hours worked that were excluded from their paid hours pursuant to Defendants' meal-break deduction and Defendants' refusal to pay from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday, in willful violation of the FLSA, plus liquidated damages, reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b).

2.   Plaintiff also brings this action to recover back wages, overtime pay, and reasonable attorneys' fees and costs under New York Labor Law, §§ 650, *et seq.* and 190, *et seq.*, 12 NYCRR § 142-1.1, *et seq.*, and 12 NYCRR § 146, *et seq.* (collectively, the "NYLL").

3.   Defendants do business as a Subway food establishment at various locations in New York.

4.   Defendants operated a Subway, and was therefore subject to the Hospitality Industry Wage Order (12 NYCRR 146).

5.   Plaintiff and the putative FLSA Collective members are hourly-paid, non-exempt workers who were employed at Defendants restaurants and were subject to Defendants unlawful policy of deducting thirty (30) minutes of pay per shift for "meal breaks" even though the workers worked through their shifts and did not receive *bona fide* meal breaks, *see* 29 CFR § 785.19, which resulted in Defendants failure to pay the workers for all hours worked in excess of forty (40) in a workweek.

6.   As a result, Defendants violated its statutory and contractual obligations by failing to pay hourly-paid, non-exempt workers including Plaintiff for all hours worked in excess of forty (40) in a workweek at a rate of not less than one and on-half (1.5) times their regular rate of pay.

7.   Additionally, Plaintiff and the putative FLSA Collective members performed various activities before the start of their scheduled shifts that were integral to Defendants business for which they were not compensated.

8.   Plaintiff complains on behalf of herself, pursuant to New York Labor Law § 650, *et seq.*, and New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime compensation, (3) unpaid

"spread of hours" premium for each day she worked ten (10) or more hours, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act, (5) pre and post-judgment interest, and (6) attorneys' fees and costs.

9. Plaintiff asserts the FLSA claims on behalf of the following putative FLSA collective pursuant to 29 U.S.C. § 216(b):

> *All hourly-paid workers including, among others, managers, sandwich makers, sandwich artists, etc., employed by Defendants at any time from three (3) years prior to the commencement of this action through the date of judgment.*

10. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hour-paid workers of Defendants permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

11. The FLSA collective seeks recovery of unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

12. Plaintiff seeks recovery of unpaid wages, overtime and straight time wages, unpaid "spread of hours" premium compensation, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

14. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts as the federal claims.

15. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

16. This Court has personal jurisdiction over Defendants because Defendants do business within the State of New York and maintains systematic and continuous contacts with the State of New York.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants a resident of this judicial district and because a substantial portion of the events that give rise to the Plaintiff's asserted claims occurred in this district.

## PARTIES

18. Plaintiff Carrie Jaycox is a resident of Mechanicville, New York.

19. Plaintiff worked for Defendants as an hourly-paid sandwich artist/maker and manager from approximately August 26, 2022, through approximately February 18, 2023.

20. Plaintiff's signed consent form to join this lawsuit is attached as ***Exhibit 1***.

21. Defendants operate Subway restaurants located at the following locations:

    A.   9 Kendall Way, Ballston Spa, NY 12020;

    B.   8642 State Route 22, Granville, NY 12832;

    C.   679 Troy Schenectady Road, Latham, NY 12110; and

    D.   3830 Main Street, Warrensburg, NY 12885.

22. Defendant NIRC's principal address is 29 Liz Ann Drive, Saratoga Springs, NY 12866.

23. Defendant Faden is the owner and chief executive officer ("CEO") of Defendant NIRC.

24. Defendant Faden is a citizen of the United States and maintains a personal residence located at 14 Walter Drive, Saratoga Springs, NY 12866.

25. Defendant Faden has directed employment practices of Defendant NIRC.

26. Defendant Faden has directly or indirectly acted in the interest of Defendant NIRC in relation to its employees at all times relevant herein.

27. Defendant Faden has directly or indirectly acted in the hiring and firing employees.

28. Defendant Faden has directly or indirectly acted in relation to setting employees' conditions of employment.

29. Defendant Faden has directly or indirectly acted in relation to setting employees' schedules.

30. Defendant Faden has directly or indirectly acted in relation to setting employees' rates and methods of compensation.

31. Defendant Faden has directly or indirectly acted in relation to distributing payroll.

32. Defendant Faden has directly or indirectly acted in supervising employees day-to-day.

## **FACTUAL ALLEGATIONS**

33. Defendants are an employer as defined under the FLSA and NYLL.

34. At all relevant times, Defendants operated a restaurant, and was therefore subject to the Hospitality Industry Wage Order (12 NYCRR 146).

35. At all times relevant to this action, Defendants were an enterprise with an annual gross volume of sales made or business done in excess of $500,000.

36. At all times relevant to this action, Defendants were an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

37. By way of example, Defendants' employees handle and/or work on cutlery, beverage cups, POS systems, and other materials that have, upon information and belief, been moved in interstate commerce.

38. At all times relevant to this action, Defendants were an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

39. Defendants "suffered or permitted" hourly-paid, non-exempt workers to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

40. At all relevant times, Plaintiff was an employee of and was employed by Defendants under the FLSA and NYLL.

41. Defendants' hourly-paid, non-exempt workers regularly worked over forty (40) hours per week.

42. Defendants automatically deducted thirty (30) minutes per shift for "meal breaks," regardless of whether hourly-paid, non-exempt workers in fact received a *bona fide* meal break.

43. As a result, there were many shifts in which hourly-paid, non-exempt workers did not receive a *bona fide* meal break but still had thirty (30) minutes deducted from their pay.

6

44. The hours hourly-paid, non-exempt workers worked that were unpaid as a result of Defendants' "meal break" deductions included hours worked in excess of forty (40) in a workweek.

45. Defendants instructed hourly-paid, non-exempt workers to clock in on the electronic timekeeping system at the start of their shifts and clock out at the end of their shifts.

46. Defendants did not inform or schedule hourly-paid, non-exempt workers a specific time to receive a meal break.

47. Defendants failed to establish a reasonable process to ensure that hourly-paid, non-exempt workers were able to receive *bona fide* meal breaks.

48. Defendants failed to implement a reasonable process to report instances in which they did not receive *bona fide* meal breaks or to seek cancellation or restoration of the deduction.

49. Defendants' management discouraged, impeded, obstructed, and/or ignored attempts by hourly-paid, non-exempt workers to report instances in which they did not receive *bona fide* meal breaks and/or sought cancellation or restoration of the deduction.

50. By way of example, Plaintiff complained to her Manager, Cathy Roddy ("Ms. Roddy"), advising that she did not receive a meal break and performed work continuously during her scheduled shift.

51. In response, Ms. Roddy advised Plaintiff that she "should have taken a break, they will take it out anyway."

52. Defendants failed to keep accurate records of whether hourly-paid, non-exempt workers received *bona fide* meal breaks.

53. Defendants management knew that hourly-paid, non-exempt workers were unable to take *bona fide* meal periods.

54. Defendants management knew that hourly-paid, non-exempt workers were engaged in activities that predominately benefited Defendants during the time periods that were falsely recorded as having taken meal breaks.

55. Defendants management knew of specific instances in which Plaintiff and other hourly-paid, non-exempt workers had worked shifts without *bona fide* 30-minute meal periods, but knowingly and willfully failed to cancel the automatic meal-break deduction or restore their pay.

56. In other words, Defendants reaped the benefits of its meal-break deduction, without performing any of its corresponding legal obligations.

57. Plaintiff was employed as a sandwich maker/artist and manager.

58. Plaintiff's hourly base rate of pay was approximately $16.75 per hour.

59. Plaintiff regularly worked more than forty (40) hours per week.

60. By way of example, for the pay period of January 11, 2023, to January 17, 2023, Defendant paid Plaintiffs for 49.37 of the hours she worked.

61. During this pay period, Plaintiff performed uncompensated work that was automatically deducted from her pay and not restored, that was in excess of forty (40) hours in a workweek and in excess of the 9.37 overtime hours for which she was paid.

62. Plaintiff regularly worked a spread of hours that exceeded ten.

63. By way of example, on Tuesday, January 17, 2023, Plaintiff worked for 13.80 hours.

64. Plaintiff was never paid spread of hours pay.

65. Plaintiff and other hourly-paid workers' job duties included making sandwiches, taking orders, cleaning, and handling the cash register for the restaurant.

66. Defendants have classified Plaintiff and the other hourly-paid workers as hourly-paid, non-exempt employees, and has not guaranteed them a minimum weekly salary.

67. Plaintiff and the other hourly-paid hotel workers have regularly worked full-time schedules which regularly includes hours in excess of forty (40) in a workweek.

68. Defendants has maintained a company-wide policy of failing to pay spread of hours pay.

69. Additionally, hourly-paid, non-exempt workers often performed work off-the-clock before clocking in at the start of their scheduled shift.

70. Hourly-paid, non-exempt workers were not actually "clocked in" for their shifts until *after* they performed various pre-shift work before the start of their scheduled shift, meaning that they performed work for which they were not compensated.

71. Despite knowing that Plaintiff and other hourly-paid, non-exempt workers performed meal preparation tasks before the start of their scheduled shifts, Defendants and their managers did not make any effort to stop or otherwise disallow this off-the-clock work and instead allowed and permitted it to happen.

72. Defendants knew, or should have known, that Plaintiff and other hourly-paid workers were entitled to pay for all hours worked and for spread of hours pay but failed to compensate them accordingly.

73. As a result, Plaintiff and other hourly-paid workers were not compensated for all time worked, including time in excess of forty (40) hours in a workweek and for spread of hours pay.

**COLLECTIVE ACTION ALLEGATIONS**

74. Plaintiff brings this action pursuant to 29 U.S.C. §216(b) of the FLSA on their own behalf and on behalf of:

*Any hourly-paid hotel workers including, among others, managers, sandwich makers, sandwich artists, etc., employed by Defendants at any time from three (3) years prior to the commencement of this action through the date of judgment ("FLSA Collective").*

75. Plaintiff reserves the right to amend this definition as necessary.

76. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).

77. The employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

78. The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name and rate of pay. The key issues are the same for every FLSA Collective member, including: (a) whether the FLSA Collective members worked more than forty (40) hours in any single workweek; (b) whether the FLSA Collective members were paid for all time recorded on their timesheets; (c) whether Defendant failed to pay FLSA Collective members overtime wages at a rate not less than one and on-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek; and (d) whether Defendants' violations of the FLSA were willful and/or in good faith.

79. Plaintiff estimates the FLSA Collective will include a substantial number of members, including both current and former employees over the relevant period. The precise

number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME
## (Brought Individually and on a Collective Basis)

80. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

81. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

82. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5. times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

83. Defendants employed Plaintiff and the FLSA Collective members as hourly-paid, non-exempt workers.

84. Defendants hired hourly-paid, non-exempt workers and determined the rate and method of the payment of their wages.

85. Defendants controlled the work schedules, duties, protocols, applications, assignments and work conditions of hourly-paid, non-exempt workers.

86. Plaintiff and the FLSA Collective members worked in excess of forty (40) hours in most workweeks.

87. Defendants implemented a company-wide policy of automatically deducting thirty minutes of pay for "meal breaks" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks.

88. Defendants suffered and permitted Plaintiff and the FLSA Collective members to work through their shifts without taking *bona fide* meal breaks.

89. Even though Plaintiff and the FLSA Collective members did not take *bona fide* meal breaks during the work shifts, Defendants deducted thirty (30) minutes of pay.

90. Defendants required Plaintiff and the FLSA Collective members to perform meal preparation tasks before the start of their scheduled shifts, but failed to pay these employees the federally mandated overtime compensation for all time worked.

91. The meal preparation tasks performed by Plaintiff and the FLSA Collective members every session are an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

92. In workweeks in which Plaintiff and the FLSA Collective members worked in excess of forty (40) hours, the uncompensated meal preparation time should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage. 29 U.S.C. § 207.

93. Defendants failed to compensate Plaintiff and the FLSA Collective members for all hours worked in excess of forty (40) in a workweek.

94. Defendants uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

95. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

96. As a result of Defendants uniform policies and practices described above, Plaintiff and the FLSA Collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(Brought on an Individual Basis)**
**VIOLATIONS OF N.Y. COMP. CODES R. & REGS. TIT. 12, § 142-2.2**
**FAILURE TO PAY OVERTIME WAGES**

97. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

98. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 provides, in relevant part:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended….

99. At all times relevant to this action, Defendants were an employer under N.Y. Lab. Law § 651, subject to the provisions of the NYLL.

100. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of N.Y. Lab. Law § 651.

101. Defendants paid Plaintiff on an hourly basis.

102. Plaintiff regularly worked more than forty (40) hours per week.

13

103. Defendants failed to pay Plaintiff for all hours worked in weeks she worked more than forty (40) hours.

104. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

105. As a result of the foregoing, Plaintiff was illegally denied straight time and overtime wages, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid wages, liquidated damages, pre- and post- judgment interests and reasonable attorneys' fees and costs pursuant to NYLL. *See* N.Y. Lab. Law § 663.

**COUNT III**
**(Brought on an Individual Basis)**
**VIOLATION OF N.Y. LAB. LAW § 193**
**ILLEGAL DEDUCTIONS**

106. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

107. N.Y. Lab. Law § 193 provides, in relevant part:

1. No employer shall make any deduction from the wages of an employee, except deductions which:

    a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency….; or

    b. are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made.

108. By deducting thirty (30) minutes per shift from Plaintiff's pay for "meal breaks" she did not in fact receive, Defendants made deductions from the wages of Plaintiff that were (a)

14

not in accordance with the provisions of any laws, rules, or regulations; (b) not expressly authorized in writing by Plaintiff; and (c) not for the benefit of Plaintiff.

109. Due to Defendants' violations of N.Y. Lab. Law § 193, Plaintiff is entitled to recover from Defendant the amount of their unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### COUNT IV
### NEW YORK LABOR LAW
### FAILURE TO PAY SPREAD OF HOURS PREMIUM
### 12 NYCRR § 146

110. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

111. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten (10) hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

112. Plaintiff was entitled to spread of hours pay for each workday that the spread of hours exceeded ten (10).

113. Plaintiff regularly worked a spread of hours that exceeded ten (10) and was never paid a spread of hours premium.

114. Defendants failure to pay spread of hours pay was willful.

### COUNT V
### NEW YORK LABOR LAW
### N.Y. LAB. LAW § 191
### FAILURE TO PAY STRAIGHT-TIME WAGES

115. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

116. N.Y. Lab. Law § 191 provides, in relevant part that a manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned.

117. Plaintiff qualifies as a "Manual worker" for purposes of N.Y. Lab. Law § 191.

118. Defendants' agreed terms of employment with Plaintiff required payment of wages for all hours worked in accordance with N.Y. Lab. Law § 191.

119. Defendants failed to pay Plaintiff wages for all hours worked, as alleged herein.

120. Due to Defendants' violations of N.Y. Lab. Law § 191, Plaintiff is entitled to recover from Defendants the amount of her untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest as provided for by NYLL § 198.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective, prays for judgment against Defendants as follows:

A. A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and attendant regulations;

B. A declaratory judgment that Defendants' wage practices alleged herein violate the NYLL §§ 650, *et seq.*, and 190, *et seq.*, and 12 NYCRR § 142-1.1, *et seq.*, and 12 NYCRR § 146, *et seq.*;

C. Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

  D. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FSLA Collective members;

  E. Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA Collective members, including the publishing of notice in a manner that is reasonably calculated to apprise the collective members of their rights by law to join and participate in this lawsuit;

  F. Designating the Named Plaintiff, Carrie Jaycox, as representative of the FLSA Collective in this action;

  G. Designating the undersigned counsel as counsel for the FLSA Collective in this action;

  H. Granting judgment in favor of Plaintiff and the FLSA Collective against Defendants and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

  I. An incentive award for the Named Plaintiff for serving as representative of the FLSA Collective in this action;

  J. Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective members may be entitled;

  K. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by the FLSA, NYLL, and NYCRR;

  L. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

  M. Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of the FLSA Collective, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: October 26, 2023                                Respectfully submitted,

**BROWN, LLC**

*/s/ Jason Brown*
Jason T. Brown
Edmund C. Celiesius (to seek PHV)
111 Town Square Place, Suite 400
Jersey City, New Jersey 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
ed.celiesius@jtblawgroup.com

*Counsel for Plaintiffs*